UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
HAROLD NANCE,

               Plaintiff,

-against-

LIEUT. J.W. HAZELL, NO. 11; JEFFERSON,
NO. 24, HANNIKE, NO. 31; BRITT, NO. 30;
DR. REZNIKE; and LONG ISLAND COLLEGE
HOSPITAL,

               Defendants.
----------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 02-CV-3525 (FB)

*Appearances:*
*For the Plaintiff:*
HAROLD NANCE, *pro se*
41 Schermerhorn Street, Suite 354
Brooklyn, New York 11201-4845

*For the Defendants:*
PATRICK J. BRENNAN, ESQ.
Wilson, Elser, Moskowitz, Edelman &
Dicker, LLP
150 East 42nd Street
New York, New York 10017-5639

**BLOCK, District Judge:**

      Plaintiff, Harold Nance ("Nance"), proceeding *pro se* and *in forma pauperis*, brings this action pursuant to 28 U.S.C. § 1983; his amended complaint alleges that, while seeking treatment and medication at defendant Long Island College Hospital ("LICH"), he was "grabbed forcefully" by "Hospital Security Police" and thrown out. Am. Compl. at 3. Nance has sued LICH, an LICH doctor and four LICH security officers; service has been perfected as to all defendants except "Jefferson, No. 24" and "Britt, No. 30."

      The served defendants move for summary judgment on the grounds that, because they are not state actors, they are not liable under § 1983; the Court agrees and

grants the motion. For the same reason, the Court dismisses the claims against the unserved defendants.

## DISCUSSION

*A. Summary Judgment*

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Powell v. Nat'l Bd. of Med. Examiners*, 364 F.3d 79, 84 (2d Cir. 2004). In making this determination, a court must view the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant. *See Baisch v. Gallina*, 346 F.3d 366, 372 (2d Cir. 2003).[1]

Here, the affidavits submitted in support of the motion for summary judgment establish (1) that LICH is a private hospital, and (2) that its security officers are not police officers or otherwise affiliated with any governmental law-enforcement agency. The material submitted by Nance in opposition to the motion in no way contradicts those facts. There is, therefore, no genuine issue that the defendants are private parties.

A claim under § 1983, however, requires a plaintiff to show that the defendant was acting under color of state law (also known as "state action"). *See Tancredi v. Metro. Life Ins. Co.*, 316 F.3d 308, 312 (2d Cir. 2003); *United States v. Int'l Brotherhood of Teamsters*, 941 F.2d 1292, 1295 (2d Cir. 1991) ("Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his

---

[1]Pursuant to Local Rule 56.2, Nance was given notice of the motion for summary judgment, his right to submit affidavits and other material opposing the motion, and the consequences of failing to do so.

2

constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action.'"). With certain exceptions not relevant here, the conduct of a private entity or individual is not "state action." *See Tancredi*, 316 F.3d at 312-14 (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288 (2001)).

## B. Dismissal for Failure to State a Claim

Because Nance is proceeding *in forma pauperis*, the Court must dismiss the case *sua sponte* if it determines that the amended complaint fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Dismissal on those grounds is usually accompanied by leave to amend the complaint; however, leave to amend need not be granted when it would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

As previously explained, a § 1983 claim requires a plaintiff to show state action. Nance's amended complaint makes no such allegation with respect to either the served defendants or the unserved defendants; therefore, the amended complaint fails to state a valid § 1983 claim against any defendant. Because it is undisputed that the defendants are not, in fact, state actors, leave to amend the complaint would be futile. *Accord Washington v. Lenihan*, 1996 WL 345950, at *3 (S.D.N.Y. 1996) ("[E]ven if Plaintiff was granted leave to refile his claim against [an unserved defendant], it would be dismissed on the grounds [for dismissing the defendants moving for summary judgment].").

## CONCLUSION

In sum, it is undisputed that the defendants are not state actors. As a result, the served defendants are entitled to summary judgment on Nance's § 1983 claims against them. For the same reason, Nance cannot state valid § 1983 claims against the unserved

3

defendants. The case is, therefore, dismissed as to all defendants.[2] Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this order would not be taken in good faith; therefore, *in forma pauperis* status is denied for purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORD____.

FREDERIC BLOCK
United States District Judge

Brooklyn, New York
April 15, 2005

---

[2] Although brought pursuant to § 1983, Nance's amended complaint makes reference to torts such as assault and malpractice, as well as to "hazing in the first degree," Am. Compl. at 3(a)(2), which is apparently a crime under New York law. Under 28 U.S.C. § 1367, the Court has supplemental jurisdiction over such state-law claims; however, where, as here, all federal claims have been eliminated before trial, concerns of judicial economy, convenience, fairness and comity usually "point toward declining to exercise jurisdiction over the remaining state-law claims." *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003) (citing 28 U.S.C. § 1367(c)). The Court finds that to be the case here; any state-law claims raised in the amended complaint are, therefore, dismissed without prejudice.